UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RODERICK W. RUSSELL, on Behalf of Himself and a Class of Persons Similarly Situated, and on Behalf of the ConsecoSave Plan,<br>　　　　Plaintiff,<br><br>　vs.<br><br>CONSECO SERVICES LLC, ROLLIN M. DICK, GARY C. WENDT, STEPHEN C. HILBERT, WILLIAM J. SHEA, THOMAS J. KILIAN, RICHARD H. KREMER, EDWARD M. BERUBE, ELIZABETH C. GEORGAKOPOULOS, DAVID K. HERZOG, and JOHN DOES 1-30,<br>　　　　Defendants. | 1:02-cv-1639-LJM-WTL |

### FINDINGS & ORDER PRELIMINARILY CERTIFYING A CLASS FOR SETTLEMENT PURPOSES, PRELIMINARILY APPROVING PROPOSED SETTLEMENT, APPROVING FORM & DISSEMINATION OF CLASS NOTICE, AND SETTING DATE FOR HEARING ("PRELIMINARY APPROVAL ORDER")

This litigation involves claims for alleged violations of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 1001, *et seq.*, with respect to the Conseco Savings Plan, also known as the ConsecoSave Plan and the ConsecoSave *Plus* Plan ("Plan").[1]

Presented to the Court for preliminary approval is a settlement of the litigation against all Defendants. The terms of the settlement are set out in a Class Action Settlement Agreement dated June 15, 2005 ("Settlement Agreement" or "Settlement"), executed by counsel on behalf of

---

[1] Capitalized terms and phrases not otherwise defined in this Order shall have the same meaning ascribed to them in the Settlement Agreement.

the Named Plaintiff, the purported Class Members and the Defendants.

On July 7, 2005, the Court preliminarily considered the Settlement to determine, among other things, whether to certify a class for settlement purposes only and whether the Settlement is sufficient to warrant the issuance of notice to Class Members. Upon reviewing the Settlement Agreement and the matter having come before the Court at the July 7, 2005, hearing, it is hereby ORDERED, ADJUDGED AND DECREED as follows:

1.  **Class Findings** — Solely for the purposes of the Settlement, the Court preliminarily finds that the requirements of the Federal Rules of Civil Procedure, the United States Constitution, the Rules of the Court and any other applicable law have been met as to the "Settlement Class" (defined below).

    A.  All findings in this Section 1 are based on the submissions to the Court, including the Settlement Agreement. These findings are not based upon any admissions, representations, assertions, or arguments by the Defendants in that class can, should, or would be certified in the Action, in the absence of the Settlement, and these findings are made while preserving fully the Defendants' rights to argue, in the event that the Settlement does not become Final or is cancelled and/or terminated pursuant to the Settlement Agreement, that no class can or should be certified in the Action.

    B.  The Court preliminarily finds that, as required by Rule 23(a)(1), the Settlement Class is ascertainable from records kept with respect to the Plan and from other objective criteria, and the members of the Settlement Class are so numerous that their joinder before the Court would be impracticable.

    C.  The Court preliminarily finds that, as required by Rule 23(a)(2), there are

one or more questions of fact and/or law common to the Settlement Class.

  D. The Court preliminarily finds that, as required by Rule 23(a)(3), the claims of the Named Plaintiff are typical of the claims of the Settlement Class.

  E. The Court preliminarily finds, as required by Rule 23(a)(4), that the Named Plaintiff will fairly and adequately protect the interests of the Settlement Class in that: (i) the interests of Named Plaintiff and the nature of his alleged Claims are consistent with those of the members of the Settlement Class; (ii) there appear to be no conflicts between or among the Named Plaintiff and the Settlement Class; and (iii) the Named Plaintiff and the members of the Settlement Class are represented by qualified, reputable counsel who are experienced in preparing and prosecuting large, complicated ERISA class actions.

  F. The Court preliminarily finds that, as required by Rule 23(b)(1), the prosecution of separate actions by individual members of the Settlement Class would create a risk of (i) inconsistent or varying adjudications as to individual class members, which would establish incompatible standards of conduct for the parties opposing the claims asserted in the ERISA Action or (ii) adjudications as to individual class members that would, as a practical matter, be dispositive the interests of the other members not parties to the adjudications, or substantially impair or impede those person's ability to protect their interests.

  G. The Court preliminarily finds that, as required by Rule 23(g), Plaintiff's Counsel are capable of fairly and adequately representing the interests of the Settlement Class, in that Plaintiff's counsel have done extensive work identifying or investigating

potential Claims in the action and have litigated the validity of those Claims at the motion to dismiss stage and at an appeals stage of this case, Plaintiff's Counsel are experienced in handling class actions and claims of the type asserted in the Action, Plaintiff's Counsel are knowledgeable of the applicable law, and Plaintiff's Counsel have committed the necessary resources to represent the Settlement Class.

**2.     Class Certification** — Based solely on findings set forth in Section 1 above, and not on any admissions, representations, assertions, or arguments by Defendants, the Court preliminarily certifies the following non-opt out Class for settlement purposes under Federal Rules of Civil Procedure 23(a)(1-4), 23(b)(1), and 23(e), in this litigation ("Settlement Class" or "Class"):

All current and former Participants in the Conseco Savings Plan in all of its iterations including the Conseco Savings Plan and the ConsecoSave Plan and the ConsecoSave *Plus* Plan, individually or collectively, ("Plan"), for whose individual accounts the Plan purchased and/or held shares or interests in the Conseco Stock Fund at any time during the period from April 28, 1999, through and including September 9, 2003, or the beneficiaries of such current and former Participants, and the Plan itself.  Excluded from the Settlement Class are Defendants herein, members of their immediate families, and the heirs, successors or assigns of any of the Defendants.

The Court appoints Named Plaintiff as the class representative for the Settlement Class, and Plaintiff's Counsel as Class Counsel ("Class Counsel") for the Settlement Class.

3. **Preliminary Findings Regarding Proposed Settlement** — The Court preliminarily finds that: (a) the proposed Settlement resulted from extensive arm's-length negotiations; (b) the Settlement Agreement was executed after the case was dismissed in the District Court and before appellate review; (c) Class Counsel have concluded that the Settlement Agreement is fair, reasonable and adequate; and (d) the Settlement evidenced by the Settlement Agreement is sufficiently fair, reasonable and adequate to warrant sending notice of the Settlement to the Class.

4. **Fairness Hearing** — A hearing ("Fairness Hearing") is scheduled for Friday, October 14, 2005, at 2:00 p.m., in Courtroom 202, Birch Bayh Federal Building and United States Courthouse, 46 East Ohio Street, Indianapolis, Indiana, to determine, among other things:

- whether the Settlement should be approved as fair, reasonable and adequate;

- whether the litigation should be dismissed with prejudice as to the Defendants pursuant to the terms of the Settlement;

- whether the notice, summary notice and notice methodology implemented pursuant to the Settlement Agreement: (i) constituted best practicable notice; (ii) constituted notice that was reasonably calculated, under the circumstances, to apprise members of the Settlement Class of the pendency of the litigation, their right to object to the Settlement and their right to appear at the Fairness Hearing; (iii) were reasonable and constituted due, adequate and sufficient notice to all persons entitled to notice; and (iv) met all applicable requirements of the Federal Rules of Civil Procedure and any other applicable law;

- whether Class Counsel adequately represented the Settlement Class for purposes

of entering into and implementing the Settlement Agreement;

- whether the Plan of Allocation should be approved;

- whether the application for attorneys' fees and expenses filed by Class Counsel should be approved; and

- whether the application for compensation for Named Plaintiff should be approved.

**5.     Class Notice** — The parties have presented to the Court a Notice of Proposed Class Action Settlement ("Class Notice"), which is appended hereto as Attachment A to this Order. With respect to the Class Notice, the Court finds that Class Notice fairly and adequately: (a) describes the terms and effect of the Settlement Agreement and of the Settlement; (b) notifies the Settlement Class of the proposed Plan of Allocation; (c) notifies the Settlement Class that Class Counsel will seek compensation from the Settlement Fund for the Named Plaintiff (not to exceed $20,000.00), for reimbursement of non-taxable costs of litigation, and for attorneys' fees and costs; (d) gives notice to the Settlement Class of the time and place of the Fairness Hearing; and (e) describes how the recipient of the Class Notice may object to any of the relief requested.

The parties have proposed the following manner of communicating Class Notice to member of the Settlement Class, and the Court finds that the parties' proposed manner is the best notice practicable under the circumstances. Accordingly, the Court directs that by no later than August 19, 2005, Defendants shall transmit to Class Counsel the mailing list containing last known addresses for all present and former Participants in the Conseco Savings Plan who are also Class Members, and that thereupon Class Counsel shall provide the following method of notice:

- by no later than September 1, 2005, send or cause to be sent, the Class Notice by

> first class mail to such Class Members;
>
> - by no later than September 8, 2005, cause the summary class Notice, substantially in the form of Attachment B to this Order, to be published in *USA Today*.

At or before the Fairness Hearing, Class Counsel shall file with the Court proof of timely compliance with the foregoing mailing and publication requirements.

**6.     Objections to Settlement** — Any member of the Settlement Class who wishes to object to the fairness, reasonableness, or adequacy of the Settlement, to the Plan of Allocation, to any term of the Settlement Agreement, to the proposed award of attorneys' fees and expenses or to the request for additional compensation for the Named Plaintiff may file an objection. An objector must file with the Court a statement of his, her or its objection(s), specifying the reason(s), if any, for each such objection made, including any legal support and/or evidence that such objector wishes to bring to the Court's attention or introduce in support of such objection. The objector must also mail copies of the objection and all supporting law and/or evidence to Class Counsel and to Counsel for the Defendant. The addresses for filing objections with the Court and mailing objections to counsel are as follows:

| | |
|---|---|
| To the Court: | Clerk of the Court<br>United States District Court<br>Southern District of Indiana<br>105 U.S. Courthouse<br>46 East Ohio Street<br>Indianapolis, IN  46204<br>Cause No. 1:02-cv-1639-LJM-WTL |

|  |  |
|---|---|
| To Class Counsel: | Edwin J. Mills<br>STULL, STULL & BRODY<br>6 East 45th Street, Suite 500<br>New York, NY  10017<br>Telephone (212) 687-7230<br>Fax (212) 490-2022<br>Toll Free (800) 337-4983 |
|  | Lynn L. Sarko<br>T. David Copley<br>KELLER ROHRBACK, L.L.P.<br>1201 Third Avenue, Suite 3200<br>Seattle, Washington 98101-3052<br>Telephone (206) 623-1900<br>Fax (206) 623-384 |
| To Defendants' Counsel: | Martin R. Boles<br>KIRKLAND & ELLIS, L.L.P.<br>777 South Figueroa Street<br>Los Angeles, CA  90017<br>Telephone (213) 680-8400<br>Fax (213) 680-8500 |

The objector, or his or her counsel (if any), must mail or deliver copies of the objection to counsel listed above and file it with the Court by no later than October 7, 2005.  If an objector hires an attorney to represent him or her for the purpose of making such objection pursuant to this paragraph, the attorney must mail or deliver a notice of appearance to counsel listed above and filed it with the Court by no later than seven (7) days before the date of the Fairness Hearing.  Any member of the Settlement Class or other person who does not timely file and serve a written objection that complies with the terms of this paragraph shall be deemed to have waived, and shall be foreclosed from raising, any objection to the Settlement, and any untimely objection shall be barred.

       7.       **Appearance at Fairness Hearing** — Any objector who files and serves a timely,

written objection in accordance with paragraph 6 above may also appear at the Fairness Hearing either in person or through counsel retained at the objector's expense. Objectors or their attorneys intending to appear at the Fairness Hearing must mail or deliver a notice of intention to appear setting forth, among other things, the name, address, and telephone number of the objector (and, if applicable, the name, address, and telephone number of the objector's attorney) to Class Counsel and Defenants' Counsel (at the addresses set out above), and file it with the Court by no later than seven (7) days before the date of the Fairness Hearing. Any objector who does not timely file and serve a notice of intention to appear in accordance with this paragraph shall not be permitted at the Fairness Hearing, except for good cause shown.

8. **Notice Expenses** — The expenses of printing, mailing and publishing all notices required hereby shall be paid from the Settlement Fund as provided in sections IV.C(2) and IV.I(2) of the Settlement Agreement.

9. **Service of Papers** — Defendants' Counsel and Class Counsel shall promptly furnish each other with copies of any and all objections that come into their possession.

10. **Termination of Settlement** — This Order shall become null and void, and shall be without prejudice to the rights of the Parties, all of whom shall be restored to their respective positions existing immediately before this Court entered this Order, if the Settlement is cancelled and/or terminated in accordance with the Settlement Agreement. In such event, sections IV.J(2), IV.J(3), and IV.J(4), of the Settlement Agreement shall govern the rights of the Parties.

11. **Use of Order** — This Order shall not be construed or used as an admission, concession, or declaration by or against any one or more of the Defendants of any fault, wrongdoing, breach or liability. This Order shall not be construed or used as an admission,

concession, or declaration by or against Named Plaintiff or the Settlement Class that their claims lack merit or that the relief requested in the Action is inappropriate, improper or unavailable, or as a waiver by any party of any arguments, defenses, or claims, that he, she, or it, may have, including, but not limited to, any objections by Defendants to class certification in the event that the Settlement Agreement is cancelled and/or terminated.

    **12.** **Continuance of Hearing** — The Court reserves the right to continue the Fairness Hearing with notice either on the docket of the Court or in open Court.

    IT IS SO ORDERED this 16th day of August, 2005.

                                                  LARRY J. McKINNEY, CHIEF JUDGE
                                                  United States District Court
                                                  Southern District of Indiana

Distribution attached.

Electronically distributed to:

Nelson D. Alexander
LOCKE REYNOLDS LLP
nalexander@locke.com

Martin Reeves Boles
KIRKLAND & ELLIS LLP
mboles@kirkland.com

T. David Copley
KELLER ROHRBACK, LLP
dcopley@kellerrohrback.com

Jeffrey Scott Davidson
KIRKLAND & ELLIS LLP
jdavidson@kirkland.com

Thomas E. Deer
LOCKE REYNOLDS LLP
tdeer@locke.com

Edward R. Hannon
HANNON HUTTON & ASSOCIATES, P.C.
ehannon@hannonhutton.com

Christopher J. Heck
KIRKLAND & ELLIS LLP
check@kirkland.com

Elizabeth T. Leland
KELLER ROHRBACK, LLP
bleland@kellerrohrback.com

Stephen Allan Markus
ULMER & BERNE LLP
smarkus@ulmer.com

Carol A. Nemeth
PRICE WAICUKAUSKI RILEY & DEBROTA
cnemeth@price-law.com

Henry J. Price
PRICE WAICUKAUSKI RILEY & DEBROTA
hprice@price-law.com

James Ransom
KIRKLAND & ELLIS LLP
jransom@kirkland.com

Lynn L. Sarko
KELLER ROHRBACK, LLP
lsarko@kellerrohrback.com

Ronald J. Waicukauski
PRICE WAICUKAUSKI RILEY & DEBROTA
rwaicukauski@price-law.com

David Duane Yeagley
ULMER & BERNE LLP
dyeagley@ulmer.com